*138 OPINION.
Love:
The petitioner alleges that on April 10, 1919, it sold outright to Leon Rubay all of its capital assets, valued at $751,657.69 for the amount of $270,000, thereby suffering a loss in the amount of $481,657.69 which loss, it contends, is deductible from gross income. The respondent denies that the assets were sold outright to Rubay and further denies that a loss was suffered by reason of the transaction.
*139 It should be noted that while the petitioner did not challenge in its petition the respondent’s determination with respect to the closing date of its fiscal year, it did contend at the hearing herein that the respondent had erred in that respect. The petitioner further contended that if we found that it had sustained a deductible loss by reason of the transaction in question, such loss should be allocated to a preceding fiscal year other than that in which the transaction was completed. This contention is, of course, without merit. The respondent’s determination as to the closing date of the fiscal year, in the absence of affirmative evidence to the contrary, is approved.
The transfer of petitioner’s assets to Rubay took place on April 10, 1919, and the loss, if any, was sustained in that fiscal year. It is apparent that if a bona fide sale of the capital assets was made, as alleged, and if the net worth thereof was in the amount disclosed by the books, a loss would result for the obvious reason that the net worth exceeded the selling price. The respondent contends that a loss did not result from the transaction because, in fact, a partial liquidation took place. We are, therefore, confronted with the question as to whether a bona fide sale occurred.
The evidence in this proceeding was presented in the form of depositions and at the time and place of the taking thereof, the respondent introduced evidence showing the stockholdings of the petitioner on the day of the alleged sale. The petitioner strenuously objected, to the introduction of this evidence on the ground that it was irrelevant and immaterial to the issue as to whether a sale took place. The evidence was, we believe, competent for the reason that it reflects directly upon the bona fieles of the sale in question.
In its brief the petitioner urges that we must confine our inquiry solely to the question as to whether a transfer of the assets took place, disregarding all other elements. In other words, we are adjured to follow the form and not the substance of the transaction, that is, look only to the formalities observed in carrying out the sale. This we decline to do. The principle that the form must be disregarded in such a transaction is too well established to call for the citation of authority.
Let us look, therefore, at the substance of the sale in question. On April 10, 1919, Rubay had standing in his name all but four shares of the petitioner’s stock. On the same day he made a proposition to the petitioner through an agent for the purchase of its assets, which proposition was forthwith accepted.
We must not lose sight of the fact that for all intents and purposes, Rubay and the petitioner were one and the same, his act being the corporate act. If, through his agent, he had offered the petitioner $100 or $1,000 for all of its assets, he could have accepted that propo *140 sition with the same alacrity. He could establish an apparent loss to the corporation in any amount he chose by the simple expedient of offering and accepting an amount necessary to produce the desired loss. After all, it mattered not to him because being the owner of all of the stock he would not suffer thereby. The net result of such a transaction is that to the corporation an apparent loss results but the owner of all the stock suffers not. For that reason, we must look through the corporate entity in such case.
An examination of the trial balance of petitioner’s books as of April 10, 1919, discloses that exclusive of the amount set aside for taxes, petitioner had over $235,000, consisting of cash, stocks and bonds, among its assets. In addition it had buildings valued at $297,067.49, to say nothing of other assets of great value. Yet, on April 10, 191®, Rubay who was for all intents and purposes the corporation, sold to himself all of the assets for $135,000 in cash and $135,000 in bonds to be secured by the identical assets. An examination of the facts found discloses that the cash needed for the purchase was provided by the petitioner itself.
An impartial appraisement of the evidence leads irresistibly to the conclusion that the transaction in question would not be carried out by persons dealing at arms’ length. Every element points to the fact that the sale was not bona -fide, and we so hold.
We approve, therefore, the respondent’s determination in regard thereto.

Judgment will be entered for the respondent.

Considered by Tkussell, Smith, and Littleton.